## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
### Western Division

| | | |
|---|---|---|
| BROADCAST MUSIC, INC.;<br>CORAL REEFER MUSIC; TOKECO TUNES;<br>WACISSA RIVER MUSIC;<br>PAINTED DESERT MUSIC CORPORATION;<br>WARNER-TAMERLANE PUBLISHING CORP;<br>BIG YELLOW DOG LLC d/b/a INTERNATIONAL<br>DOG MUSIC; and SCAMPOREE MUSIC;<br><br>　　　　　Plaintiffs,<br><br>　　　　v.<br><br>SABU, LLC d/b/a BACK NINE BAR & GRILL;<br>BRIAN C. ULIASZ; and<br>JAMES A. SALVIE, each individually;<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.: |

### VERIFIED COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows. All factual allegations contained herein concerning the plaintiffs are made on knowledge; all other allegations are made on information and belief.

### JURISDICTION AND VENUE

1.　　This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2.　　Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3.       Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of New York.  BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007.  BMI has been granted the right to license the public performance rights in approximately 7.5 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4.       The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit.  All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5.       Plaintiff Coral Reefer Music is a sole proprietorship owned by James W. Buffett. This Plaintiff is the copyright owner of at least one of the songs in this matter.

6.       Plaintiff Tokeco Tunes is a sole proprietorship owned by Toby Keith Covel.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

7.       Plaintiff Wacissa River Music is a sole proprietorship owned by Marion C. Cannon. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8.       Plaintiff Painted Desert Music Corporation is a corporation.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

9.       Plaintiff Warner-Tamerlane Publishing Corp. is a corporation.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

10.      Plaintiff Big Yellow Dog LLC is a limited liability company d/b/a International Dog

Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

11.     Plaintiff Scamporee Music is a sole proprietorship owned by Darrell De Shawn Camp. This Plaintiff is the copyright owner of at least one of the songs in this matter.

12.     Defendant SABU, LLC ("SABU") is a limited liability company organized and existing under the laws of the Commonwealth of Massachusetts, with its principal office at 28 Kathy Way, Pittsfield, MA 01201. Its agent for service of process is Richard B. Johansen, Esq., 69 East Housatonic Street, Pittsfield, MA 01201. SABU operates, maintains and controls an establishment known as Back Nine Bar & Grill, located at 303 Crane Avenue, Pittsfield, Massachusetts 01201 in this district (the "Establishment").

13.     In connection with the operation of the Establishment, Defendant SABU publicly performs musical compositions and/or causes musical compositions to be publicly performed.

14.     Defendant SABU has a direct financial interest in the Establishment.

15.     Defendant Brian C. Uliasz ("Uliasz") is a resident of Massachusetts with a residential address at 28 Kathy Way, Pittsfield, MA 01201. He is a Manager and Member of defendant SABU, with responsibility for the operation and management of that limited liability company and the Establishment.

16.     Defendant Uliasz has the right and ability to supervise the activities of defendant SABU and a direct financial interest in that limited liability company and the Establishment.

17.     Defendant James A. Salvie ("Salvie") is a resident of Massachusetts with a residential address at 28 Kathy Way, Pittsfield, MA 01201. He is a Manager and Member of defendant SABU, with responsibility for the operation and management of that limited liability

company and the Establishment.

18.     Defendant Salvie has the right and ability to supervise the activities of defendant

SABU and a direct financial interest in that limited liability company and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

19.     Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1

through 18.

20.     Plaintiffs allege four (4) claims of willful copyright infringement, based upon

Defendants' unauthorized public performance of musical compositions from the BMI Repertoire.

All of the claims for copyright infringement joined in this Complaint are governed by the same

legal rules and involve similar facts.  Joinder of these claims will promote the convenient

administration of justice and will avoid a multiplicity of separate, similar actions against

Defendants.

21.     Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein

is a list identifying some of the many musical compositions whose copyrights were infringed by

Defendants.  The Schedule contains information on the four (4) claims of copyright infringement at

issue in this action.  Each numbered claim has the following eight lines of information (all

references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing

the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the

musical composition; Line 4 identifying the publisher(s) of the musical composition and the

plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the

copyright registration was issued for the musical composition; Line 6 indicating the copyright

registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the establishment where the infringement occurred.

22.     For each of the musical compositions identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

23.     For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

24.     For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2.  For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

25.     For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so.  Thus, Defendants have committed copyright infringement.

26.     The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage.  By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright

infringement.  Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

REQUESTS FOR RELIEF

WHEREFORE, Plaintiffs pray that:

(I)  Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

Date: December 11, 2012

By their attorney,

/s/ William S. Strong
William S. Strong, Esq. BBO #483520
Kotin, Crabtree & Strong, LLP
One Bowdoin Square
Boston, MA 02114
Tel: 617-227-7031
Fax: 617-367-2988
strong@kcslegal.com

## **VERIFICATION**

STATE OF TENNESSEE    )
                               ) ss.:

COUNTY OF DAVIDSON   )

       Lawrence E. Stevens, being duly sworn, deposes and says:

       I am an Assistant Vice President, General Licensing, for Plaintiff Broadcast Music, Inc.  I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

                                   Lawrence E. Stevens

Sworn to before me this
__5__ day of December, 2012.

Elizabeth C. Mosley
Notary Public

MY COMMISSION EXPIRES.
July 6, 2015

7